```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

In re FEDERAL HOME LOAN MORTGAGE
CORP. (FREDDIE MAC) SECURITIES          MEMORANDUM OPINION
LITIGATION                              AND ORDER

                                        09 Civ. 832 (MGC)
                                        09 MD 2072 (MGC)

-----------------------------------X

APPEARANCES:

        COTCHETT, PITRE & MCCARTHY, LLP
        Attorneys for Plaintiff
        840 Malcolm Road, Suite 200
        Burlingame, California, 94010

        By:  Mark C. Molumphy, Esq.
             Joseph W. Cotchett, Esq.
             Jordanna G. Thigpen, Esq.
             Matthew K. Edling, Esq.


        One Liberty Plaza, 23rd Floor
        New York, New York 10006

        By:  Imtiaz A. Siddiqui, Esq.


        SIDLEY AUSTIN LLP
        Attorneys for Defendant Richard Syron
        787 Seventh Avenue
        New York, New York 10019

        By:  Daniel A. McLaughlin, Esq.
             Steven M. Bierman, Esq.
             Andrew D. Hart, Esq.

        1501 K Street, N.W.
        Washington, D.C. 20005

        By:  Thomas C. Green, Esq.
             Mark D. Hopson, Esq.
             Frank R. Volpe, Esq.
             Judith C. Gallagher, Esq.
```

```
MURPHY & McGONIGLE PC
Attorneys for Defendant Anthony Piszel
60 East 42nd Street, Suite 5230
New York, New York 10165

By:  James K. Goldfarb, Esq.

555 13th Street NW, Suite 410
Washington, DC 20004

By:  Thomas J. McGonigle, Esq.
     Jerry A. Isenberg, Esq.

4870 Sadler Road, Suite 301
Glen Allen, Virginia 23060

By:  Cameron S. Matheson, Esq.
     James A. Murphy, Esq.
```

**Cedarbaum, J.**

    Plaintiff Jerry Jones sues defendants Richard Syron, the former CEO of Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Anthony Piszel, Freddie Mac's former CFO, for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78t(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.  On March 27, 2012, after an evidentiary hearing on the efficiency of the market for Freddie Mac's Series Z preferred shares ("Series Z"), I denied plaintiff's motion to certify a class.  Plaintiff's expert was unreliable and unpersuasive, and plaintiff failed to show by a preponderance of the credible evidence that the market for Series Z was efficient during the proposed class period.  See In re Fed. Home Mortg. Corp. Sec. Litig., 281 F.R.D. 174, 181-82 (S.D.N.Y. 2012).  Thus, the fraud on the market presumption of collective reliance did not apply, and on the element of reliance, individual issues predominated over collective ones.  On May 1, 2012, I denied a motion for reconsideration, and on May 31, 2012, the Second Circuit denied plaintiff's petition for an interlocutory appeal pursuant to Fed. R. Civ. P. 23(f).

    At a July 18, 2012 status conference, plaintiff stated that he intended to file another motion for class certification.  I directed the parties to submit authority concerning whether, under Fed. R. Civ. P. 23(c)(1)(C), a successive motion should be

1

permitted.  The parties briefed the issue, and plaintiff submitted a declaration from a new proposed expert.

While district courts have "ample discretion" to consider a revised class certification motion after an initial denial, In re Initial Pub. Offering Sec. Litig., 483 F.3d 70, 73 (2d Cir. 2007), the circumstances here do not warrant re-argument or additional expert testimony about the efficiency of the market for Series Z.  In this case, plaintiff presented evidence about the efficiency of the market at an evidentiary hearing that spanned four days.  Since that hearing, the facts pertinent to the efficiency inquiry have not materially changed, and plaintiff has not made a showing of changed circumstances.  Cf. Terrill v. Electrolux Home Prods., 274 F.R.D. 698, 700-01 (S.D. Ga. 2011) (permitting a renewed motion for class certification because defendant belatedly produced relevant evidence); Gutierrez v. Johnson & Johnson, 269 F.R.D. 430, 433-34 (D.N.J. 2010) (denying a renewed motion for class certification that was based on additional discovery).

Without evidence of changed circumstances, plaintiff effectively seeks a new opportunity to engage in a battle of the experts.  Plaintiff was free to choose his most persuasive expert in support of class certification.  A plaintiff who wants to lead a class action should be prepared to put his best foot forward on the initial application.  Plaintiff now seeks to file

a third successive application for class certification. Plaintiff's new expert cursorily states that evidence supports a shorter class period, or two or more subclass periods.  This proposed new class definition is not an adequate basis for re-opening a question that has been exhaustively litigated. Accordingly, plaintiff's request for leave to file a renewed motion for class certification is denied.

    SO ORDERED.

Dated:   New York, New York
          September 25, 2012

                            S /_____
                            MIRIAM GOLDMAN CEDARBAUM
                           United States District Judge